UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KEVIN G. LEWIS,

    Plaintiff,

v.

BRACHFELD LAW GROUP, P.C.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, KEVIN G. LEWIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, BRACHFELD LAW GROUP, P.C., is a professional corporation and citizen of the State of California with its principal place of business at Suite 120, 20300 S. Vermont Ave, Torrance, California 90502.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> January 27, 2009 – on Mr. Lewis's cellular phone
> Hi, this message is intended for Kevin Lewis or Tongola Washington, Bill Baler with the Law Office of Brachfeld and Associates. Please return my call, the number is 866-834-6218, my extension is 6014. This call is regarding a situation forwarded to the office I need to discuss with you and counsel. Thank you and good luck.
>
> February 18, 2009 – on Mr. Lewis's cellular phone
> Hi, this message is intended to reach Kevin Lewis. If you are not Kevin Lewis, this message is not intended for you. Do not listen to the rest of this

message. If you continue to listen to this message you are acknowledging that you are Kevin Lewis and this message is for you. Mr. Lewis, my name is Ms. Colbert and I am non-attorney collector with the Brachfeld Law Group. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return my call at 866-834-3556, my extension is 6066. When calling back I need you to please use the reference number 10064826.

March 17, 2009 – on Mr. Lewis's cellular phone
This message is intended to reach Kevin Lewis or Tangela Washington. My name is Mrs. Colbert. Please give me a return call at 866-834-6218, extension 6020. Please references file number 10064826 when calling in. Thank you.

October 30, 2009 – Pre-Recorded Message on Mr. Lewis's cellular phone
Press 1. Hello, this is an important call for Kevin Lewis. This is not a telemarketing call. Please ask Kevin Lewis to call us at 866-834-6218. Thank you. Goodbye.

November 13, 2009 – Pre-Recorded Message on Mr. Lewis's cellular phone
Call for Kevin Lewis.  This is not a sales or marketing call.  If this is Kevin Lewis, please press 1 now.  If this is not Kevin Lewis, please press 2 now.  Once again, if this is Kevin Lewis, please press 1 now.  If this is not Kevin Lewis, please press 2 now.  Once again, this is an important call for Kevin Lewis. This is not a telemarketing call.  Please ask Kevin Lewis to call us at 866-835-1915.  Thank you.  Goodbye.

November 21, 2009 – Pre-Recorded Message on Mr. Lewis's cellular phone
For Kevin Lewis.  This is not a sales or marketing call.  If this is Kevin Lewis, please press 1 now.  If this is not Kevin Lewis, please press 2 now.  Once again, if this is Kevin Lewis, please press 1 now.  If this is not Kevin Lewis, please press 2 now.  Once again, this is an important call for Kevin Lewis. This is not a telemarketing call.  Please ask Kevin Lewis to call us at 866-835-1915.  Thank you.  Goodbye.

November 24, 2009 – Pre-Recorded Message on Mr. Lewis's cellular phone
Hello, this is an important call for Kevin Lewis. This is not a telemarketing call.  Please ask Kevin Lewis to call us at 866-834-6218.  Thank you. Goodbye.

<u>January 7, 2010 – Pre-Recorded Message on Mr. Lewis's cellular phone</u>
Hello, this is an important call for Kevin Lewis.  This is not a telemarketing call.  Please ask Kevin Lewis to call us at 866-834-6218.   Thank you. Goodbye.

11.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

**COUNT I**

4

## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F.

5

Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24. Plaintiff incorporates Paragraphs 1 through 17.

25. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 17.

27. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit;

  c. declaring that Defendant's practices violate the FCCPA;

  d. permanently injoining Defendant from engaging in the complained of practices; and

  e. Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff incorporates Paragraphs 1 through 17.

29. By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30. The FCCPA provides for equitable relief including injunctive relief. _Berg v. Merchs. Ass'n Collection Div._, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit;

      c.    declaring that Defendant's practices violate the FCCPA;

      d.    permanently injoining Defendant from engaging in the complained of practices; and

      e.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.    Plaintiff incorporates Paragraphs 1 through 17.

32.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.    Damages;

      b.    a declaration that Defendant's calls violate the TCPA;

      c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

      d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: s/ Donald A. Yarbrough
>    Donald A. Yarbrough, Esq.
>    Florida Bar No. 0158658